IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

REGINA GUNN                                                                                    PLAINTIFF

v.                                         No. 4:11CV00751 JLH

TRANSAMERICA LIFE
INSURANCE COMPANY                                                                      DEFENDANT

**OPINION AND ORDER**

Regina Gunn commenced this action against Transamerica Life Insurance Company alleging that Transamerica discriminated against her based on her association with her disabled husband in violation of the Americans with Disabilities Act and terminated her in violation of the Family and Medical Leave Act because she took covered leave. Transamerica has filed a motion for summary judgment, and Gunn has responded. For the following reasons, Transamerica's motion is denied.

**I.**

Gunn was hired by AEGON, a predecessor to Transamerica, as a disc scanner operator in the Records Department on November 16, 1992. Subsequently, Gunn became a file clerk, a keyer, and, in 2001, a supervisor in the New Business Department. On a number of occasions throughout her career, Gunn had to take leave in order to deal with family and medical issues. In 1993, her schedule was modified so that she could take her father to chemotherapy appointments. From August 24, 2005 to September 7, 2005, she was granted FMLA leave for a knee surgery. In April of 2010, Gunn was certified to take intermittent FMLA leave in order to take her husband to doctors' appointments. She also took time off that month in order to care for her mother in the hospital. Finally, Gunn took FMLA leave from June 30, 2010 to August 1, 2010 for a serious health condition.

When Gunn initially became a supervisor, her annual performance evaluations were generally satisfactory, but did contain some critical remarks. Transamerica presents evidence that, starting in

2005, Gunn's evaluations identified numerous issues with Gunn's performance. *See*, *e.g.*, Document #27-1 at 86-100. In 2010, Gunn was placed on a performance improvement plan. In June of 2010, Gunn was issued a written warning for instances of failing to meet performance expectations between February and June of 2010. Gunn challenges most of this evidence by contending that the criticisms where either unfounded, not her responsibility, or an unavoidable part of a busy department. However, the Court need not, and will not, consider the evidence relating to Gunn's work performance because this evidence does not impact the Court's analysis.[1]

On June 28, 2010, Dillon and her boss, department manager Mary Wagner, met with Gunn to discuss several issues. After the meeting, Wagner sent an email to a human resources employee stating that she did not believe that Gunn had improved or would improve and that she would like to discuss the next steps as soon as possible. Dillon responded and stated that Gunn would be leaving around noon that day. Subsequently, human resources obtained authorization from in-house legal counsel and authored a termination script for Dillon to read to Gunn. At some point that day, Gunn called in to state that she would remain on leave through the end of the week.

Gunn called in the following Monday, July 2, 2010, to say that she would continue to remain off work until July 26, 2010. On July 8, 2010, while on leave, Gunn called the Share Help Line, a service provided by Transamerica whereby employees could file complaints or report issues in the workplace. According to the report generated by the person who took her call, Gunn was concerned

---

[1] Gunn has attached an affidavit to her response to Transamerica's motion for summary judgment. Transamerica has moved to strike the affidavit on the basis that it contains assertions contradicting Gunn's testimony. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 498 (8th Cir. 2008). Because the ruling on the motion for summary judgment does not hinge on Gunn's affidavit, Transamerica's motion to strike will be denied as moot.

that she was being targeted for termination because she was approaching the age of fifty. Gunn stated in her affidavit that she believes she also mentioned her use of medical leave.

When Gunn returned to work on August 2, 2010, Dillon read the termination script to her. After her termination, Gunn filed a charge with the Equal Employment Opportunity Commission, and subsequently commenced this action.

## II.

A court should enter summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). In deciding a motion for summary judgment, a court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *PHL Variable Ins. Co. v. Fulbright McNeill, Inc.*, 519 F.3d 825, 828 (8th Cir. 2008). A genuine dispute exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. When a nonmoving party cannot make an adequate showing sufficient to establish a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23, 106 S. Ct. at 2552.

### III.

At her deposition, Gunn testified that after she was terminated she had a telephone conversation with Doug Simino, an officer of Transamerica who directs several different departments. Document #20-2 at 141-42. Gunn testified that Simino told her, "you know you're a fool if you don't get an attorney because what they did to you, firing you under FMLA is against the law." *Id.* A plaintiff's testimony that an agent of her employer told her that she "should take [the termination] to court and fight it" is evidence from which "a jury could reasonably have inferred that [the employer] had illegally discriminated against [the plaintiff]." *Graham v. F.B. Leopold Co., Inc.*, 779 F.2d 170, 173 (3d Cir. 1985). Transamerica offers nothing that undermines or renders suspect Gunn's account of her conversation with Simino. *Cf. Cherry v. Pro-Solutions for Chiropractic, Inc.*, No. 07-1692, 2009 WL 3052269, at *3 n.8 (W.D. Pa. Sept. 22, 2009) (Employee denied telling plaintiff that he should get a lawyer). Nor has Transamerica responded to the portion of Gunn's brief in which she argues that summary judgment should be denied based on this conversation. Gunn's unrebutted testimony that a Transamerica officer told her that she had been terminated illegally for using FMLA leave is evidence of an admission on the part of Transamerica and creates a question of material fact as to the ultimate issue of whether Transamerica illegally terminated Gunn in retaliation for taking FMLA leave.[2]

Because summary judgment will be denied on Gunn's FMLA retaliation claim, the Court declines to grant summary judgment on her ADA claim so that the record can be more fully

---

[2] Gunn's complaint alleges that Transamerica "has interfered with [Gunn's] rights under the FMLA by terminating her for taking FMLA leave." Although Gunn uses the word "interfered," the balance of the allegation makes it clear that she is asserting an FMLA retaliation claim rather than an FMLA interference claim.

developed at trial. *See Roberts v. Browning*, 610 F.2d 528, 536 (8th Cir. 1979) ("[E]ven if a district judge feels that summary judgment in a given case is technically proper, sound judicial policy and the proper exercise of judicial discretion may prompt him to Deny the motion and permit the case to be developed fully at trial. The ultimate legal rights of the movant can always be protected in the course of or even after trial."); *Andrew v. Clark*, 561 F.3d 261, 271 (4th Cir. 2009); 10A Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 2728, at 525-26 (1998) (collecting cases). Both of Gunn's claims arise out of intertwined factual allegations to the effect that Transamerica discriminated against Gunn because she was taking leave to deal with her own health problems and to assist her disabled husband. *See Taylor v. Rederi A/S Volo*, 374 F.2d 545, 549 (3d Cir. 1967) ("It is further settled that the trial court may exercise its discretion in denying summary judgment where a part of an action may be ripe for summary judgment but it is intertwined with another claim that must be tried.").

## CONCLUSION

For the foregoing reasons, Transamerica's motion for summary judgment is DENIED. Document #11. Transamerica's motion to strike Gunn's affidavit is DENIED AS MOOT. Document #27.

IT IS SO ORDERED this 21st day of August, 2012.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE